PEOPLE v HARDIN

Docket No. 55791. Submitted June 29, 1982, at Grand Rapids.—Decided November 17, 1982. Leave to appeal granted, 417 Mich ___.

Tyrone V. Hardin was convicted by a jury in Kent Circuit Court of assault with intent to do great bodily harm less than murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony after the court, Stuart R. Hoffius, J., gave supplemental instructions to the jury after being told that the jury was deadlocked. Defendant appeals. *Held:*

1. Defendant's convictions must be reversed. The judge told the jury that he was sure that they would be able to arrive at a verdict, that all of the facts had been presented to them, and that they should not concern themselves with what the penalty might be if they should find the defendant guilty. These remarks constitute a substantial departure from the ABA jury charge approved by the Supreme Court and were aimed at encouraging the jury to reach a verdict.

2. Defendant's failure to object to the trial court's instruction does not preclude appellate review.

Reversed and remanded for a new trial.

M. J. KELLY, P.J., dissented. He would hold that the trial court's supplemental instructions to the jury did not constitute a substantial departure from the approved ABA jury charge and that the trial court's remarks did not tend to negate the subsequent instructions on proper deliberation, impartial consideration, and adherence to honest conviction. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1-6] 21 Am Jur 2d, Criminal Law § 303.

21A Am Jur 2d, Criminal Law §§ 675, 892.

Instructions urging dissenting jurors in state criminal case to give due consideration to opinion of majority (Allen charge)—modern cases. 97 ALR3d 96.

Modern status of rule that court may instruct dissenting jurors in federal criminal case to give due consideration to opinion of majority (Allen charge). 44 ALR Fed 468.

[3, 4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

1. Criminal Law — Deadlocked Juries — Jury Instructions — Appeal.

Prospectively from August 2, 1974, a trial court in a criminal case, where confronted with a deadlocked jury, should instruct the jury, in accordance with the approved ABA jury charge: that in order to return a verdict, each juror must agree thereto, that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment, that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors, that in the course of deliberations a juror should not hesitate to re-examine his own view and change his opinion if convinced it is erroneous, and that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict, and any substantial departure therefrom constitutes error and is grounds for reversal on appeal; any language employed by the trial court aimed at encouraging the jury to reach a decision constitutes a substantial departure from the approved ABA charge unless the ABA standard instruction sanctions such a charge, and coercive effect is irrelevant.

2. Criminal Law — Deadlocked Juries — Jury Instructions.

A defendant's convictions must be reversed where the trial judge, after being informed by the jury that they had not been able to reach a verdict, told the jury that he was sure that they would be able to arrive at a verdict, that all of the facts had been presented to them, and that they should not concern themselves with what the penalty might be if they should find the defendant guilty; the remarks constituted a substantial departure from the approved ABA jury charge to a deadlocked jury and were aimed at encouraging the jury to reach a verdict.

3. Criminal Law — Deadlocked Juries — Jury Instructions — Preserving Question — Appeal.

A defendant's failure to object to the trial court's supplemental instructions to a deadlocked jury does not preclude appellate review of the issue of whether the instructions substantially departed from those prescribed by the Supreme Court.

DISSENT BY M. J. KELLY, P.J.

4. CRIMINAL LAW — DEADLOCKED JURIES — JURY INSTRUCTIONS —
   APPEAL.

   *Failure of a defendant to object to a trial court's supplemental
   instructions to a deadlocked jury does not preclude appellate
   review of the issue of whether the instructions substantially
   departed from those prescribed by the Supreme Court, and the
   focus on appellate review is on whether the trial court's charge
   was a substantial departure from ABA Jury Standard 5.4,
   rather than on whether the charge had a coercive effect.*

5. APPEAL — CRIMINAL LAW — DEADLOCKED JURIES — JURY INSTRUC-
   TIONS.

   *The proper focus in reviewing whether language employed by a
   trial court in supplemental instructions to a deadlocked jury
   was a substantial departure from the ABA instructions is on
   whether the trial court's additional remarks tended to negate
   the instructions on proper deliberation, impartial consideration,
   and adherence to honest conviction which are at the heart of
   the approved ABA instructions.*

6. CRIMINAL LAW — DEADLOCKED JURIES — JURY INSTRUCTIONS.

   *The fact that a trial judge preliminarily told the jury, after being
   informed by the jury that they were unable to reach a verdict,
   that he was sure they would be able to arrive at a verdict, that
   all of the facts had been presented to them, and that they
   should not concern themselves with what the penalty might be
   if they should find the defendant guilty does not require rever-
   sal of the defendant's convictions; the remarks did not tend to
   negate the subsequent instructions on proper deliberation,
   impartial consideration, and adherence to honest conviction.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Carol S. Irons,* Chief Appel-
late Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. M. MAHER and
R. L. TAHVONEN,* JJ.

R. M. MAHER, J. After a jury trial, defendant
was convicted of assault with intent to do great

* Circuit judge, sitting on the Court of Appeals by assignment.

bodily harm less than murder, MCL 750.84; MSA 28.279, carrying a concealed weapon, MCL 750.227; MSA 28.424, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He appeals as of right.

The jury began deliberating defendant's fate at 2:26 p.m. on August 27, 1980, and returned on that same day at about 5:39 p.m. without having reached a verdict. The jury returned the following morning at 9:30 a.m. At 10:25 a.m., pursuant to a request by the jury, the judge re-read the appropriate instruction dealing with intent. The jury again left the courtroom at about 10:30 a.m. and deliberated until about 2:19 p.m., whereupon they returned to the courtroom after informing the judge that they had not reached a verdict. The foreman asked to speak with the judge. This request was denied, and the judge gave the following instruction to the jury:

"I gather you are having a problem reaching a decision. And so let me read some additional instructions to you because you have heard all the facts that there are in this case. And I am sure with consideration and thought, that you will be able to arrive at a verdict. But we have some instructions I will give you in addition to those I have given you before.

"All of the facts have been presented to you. You have heard the arguments of excellent counsel on both sides. And so there is nothing more to be presented other than what there has been here up until now. It is your duty to consult with your fellow jurors and to deliberate with a view to reaching an agreement, if you can do so without violating your own judgment. Before deciding the case, give impartial consideration to the view of your fellow jurors. This means you should give respectful consideration to one another's views, talk over differences of opinion in a spirit of fairness and frankness.

"It is natural that differences of opinion will arise.

When they do, each of you should not only express your own opinion, but also the facts and reasons upon which you base it. By reasoning the matter out, it is often possible for all the jurors to agree.

"In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you are convinced that it is wrong. However, none of you should surrender your honest conviction as to the weight and the efffect of the evidence or the lack of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

"I have also told you do not concern yourselves during the trial or in your deliberations with what the penalty might be if you should find the defendant guilty. The question of guilt and the question of penalty are decided separately. It is the duty of the judge to fix the penalty whenever a defendant is found guilty. Possible penalties should not influence your decision.

"Now, with that, I am going to ask that you return to the jury room. But before you do so, why don't you take a 15-minute break and go down and get some refreshments, if you want to, and return to the jury room in 15 minutes and see if you can't give further consideration to this. Thank you very much."

The jury thereupon left the courtroom only to return at 3:48 p.m., whereupon the judge stated:

"Members of the jury, I realize again you have not reached a verdict on all of the charges here involved. And I am sorry to feel I have to do this, but I feel you must give further consideration to this before I can accept a verdict. You have indicated you have not reached a verdict on both defendants on all of the charges. You have got all of the facts there are, and so you will just have to keep on deliberating and see if you can't reach a verdict. And so if you would like to go downstairs again, I will let you do that. No? Then please see if you can't reach a verdict. You have been out, in effect, probably six or seven hours. And I think you have read often about juries being out considerably longer than that when they have reported a verdict. So

I am just going to ask you to please go back. I can read the same instructions, but it would just be the same. So I will ask you to please try. If there is any exhibit that you want, we can get that for you. I guess that is as much as I can tell you. Thank you."

The jury then retired for the fourth time, but returned at 5:16 p.m. without having reached a verdict. The judge thereupon told the jury:

"Then I am sorry. And I think you are learning being a juror is a very difficult job, as any type of judging is. But I am going to ask that you retire now. And we will recess the matter until 9:30 tomorrow morning and ask you all report here promptly at 9:30. Perhaps after a night's sleep and breakfast in the morning, you will be able to come back and reach a verdict.

"In the meantime, let me caution you try not to discuss it, and take it off your minds, and wait until you get back here in the morning. Maybe with a refreshed mind in the morning, you will be able to reach a verdict. You may retire. Be sure you sign out before you leave.

"Thank you. And have a pleasant evening."

On the following morning, August 29, 1980, at about 11:50 a.m., the jury returned to the courtroom and announced that it had found the defendant guilty of three crimes.

We reverse.

In *People v Allen,* 102 Mich App 655; 302 NW2d 268 (1981), *lv den* 411 Mich 870 (1981), this Court declared that in *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974), the Supreme Court

"intended to announce a prophylactic rule eliminating the necessity of future appellate inquiry into the coercive effect of any number of possible variants on the *Allen* charge. One form was approved, and the Court

clearly indicated its intent that only that form be used in the future. Because the new rule was made prospective, *Allen*-type charges in trials occurring before *Sullivan* were still subject to a case-by-case analysis, but the only case-by-case inquiry necessary in trials taking place after *Sullivan* involves whether the instruction given is a 'substantial departure' from the ABA charge." *Allen, supra,* pp 658-659.

Thus, any language employed by the trial court aimed at encouraging the jury to reach a decision constitutes a substantial departure from the ABA charge unless the ABA standard instruction sanctions such a charge. Coercive effect is irrelevant. See *People v Atkinson,* 120 Mich App —; — NW2d — (1982).

Much of what the judge said was in conformance with the ABA charge. However, the judge also told the jury that he was sure that they would be able to arrive at a verdict, that all of the facts had been presented to them, and that they should not concern themselves with what the penalty might be if they should find the defendant guilty. Although we regard this as a close question, we believe that these remarks constitute a substantial departure from the ABA charge. Since the remarks were aimed at encouraging the jury to reach a verdict, defendant's convictions must be reversed. *Atkinson, supra.*

Defendant's failure to object to the trial court's instruction does not preclude appellate review. See *Allen, supra,* pp 660-661.

We are not unsympathetic with the plight of trial judges under *Sullivan*'s prophylactic rule. We recognize that trial judges must walk a tightrope when they deal with a deadlocked jury, and we wish to cast no aspersions on the trial court's handling of this case. Problems of this sort may be

avoided, however, if trial judges stick faithfully to
the ABA charges.

Reversed and remanded for a new trial.

R. L. TAHVONEN, J., concurred.

M. J. KELLY, P.J. *(dissenting)*. The majority cor-
rectly analyzes two points of the law regarding
giving *Allen*-type charges to a deadlocked jury:
failure of the affected defendant to object to this
type of instruction does not preclude appellate
review, see *People v Johnson,* 112 Mich App 41,
49; 314 NW2d 794 (1981), and the focus on appel-
late review is on whether the trial court's charge
was a "substantial departure" from ABA Jury
Standard 5.4, rather than on whether the charge
had a coercive effect. *Johnson, supra,* p 47; see
*People v Sullivan,* 392 Mich 324, 342; 220 NW2d
441 (1974).

It is important to note, however, that language
used by a trial court which is not precisely within
the scope of the ABA instructions is not grounds
for reversal unless that langauge amounts to a
*substantial* departure from the ABA instruction.
Not every "departure" is a "substantial depar-
ture". To equate the two would render meaning-
less the word "substantial".

In reviewing whether language employed by a
trial court was a substantial departure from the
ABA instructions, the proper focus is on whether
the trial court's additional remarks tended to ne-
gate the instructions on proper deliberation, im-
partial consideration, and adherence to honest
conviction which are at the heart of the ABA
instructions. See *Johnson, supra,* p 48. In the
instant case, this Court's attention has been di-
rected first to introductory remarks the trial court
made before giving the ABA instruction. The trial
court stated:

"I gather you are having a problem reaching a decision. And so let me read some additional instructions to you because you have heard all the facts that there are in this case. And I am sure with consideration and thought, that you will be able to arrive at a verdict. But we have some instructions I will give you in addition to those I have given you before."

These remarks were not a substantial departure from the ABA instruction. The remarks did not tend to negate the subsequent instructions on proper deliberation, impartial consideration, and adherence to honest conviction. Rather, the trial court's introductory remarks may have had the positive effect of securing the jury's attention prior to the court's giving of the ABA instruction. Such introductory remarks are not grounds for reversing a criminal conviction.

The Court's attention has been directed next to the trial court's statement:

"I have also told you do not concern yourselves during the trial or in your deliberations with what the penalty might be if you should find the defendant guilty. The question of guilt and the question of penalty are decided separately. It is the duty of the judge to fix the penalty whenever a defendant is found guilty. Possible penalties should not influence your decision."

This remark by the trial court did not suggest that the jury should depart from proper deliberation, impartial consideration, or adherence to honest conviction.

Not every slight departure or addition to the ABA instructions requires reversal. The trial court's remarks were not a substantial departure from the ABA instructions. Defendant's convictions of assault with intent to do great bodily harm less than murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony should be affirmed.